Filed 10/21/22  P. v. Gavaldon CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061575 |
| v. | (Super. Ct. No. 01CF1110) |
| ANTHONY JAY GAVALDON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

The trial court denied defendant Anthony Jay Gavaldon's Penal Code section 1170.95 petition seeking to vacate his attempted murder conviction and to be resentenced (now Pen. Code, § 1172.6).[1]

Gavaldon filed a notice of appeal. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Gavaldon did not file a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Flores* (2020) 54 Cal.App.5th 266, 268.) Thus, we affirm the order of the trial court.

I

BRIEF FACTS AND PROCEDURAL HISTORY

In February 2001, Gavaldon was in the backseat of a car. Jose C. was approaching the car when he saw a person in the front passenger seat holding a gun. Jose C. heard Gavaldon say, "'Blast him, dog.'" As Jose C. ran away, he heard five shots, felt a sharp pain, and realized that he had been hit.

A jury found Gavaldon guilty of attempted murder, and a substantive gang charge (street terrorism). (§§ 187, subd. (a), 664, 186.22, subd. (a).) The jury found true allegations the attempted murder was committed with premeditation and deliberation, and for the benefit of a criminal street gang. (§§ 664, subd. (a), 186.22., subd. (b)(1).) The jury further found true an allegation Gavaldon vicariously used a firearm. (§ 12022.53, subd. (d) & (e)(1).) The trial court imposed a total sentence of 40 years to life. This court affirmed the judgment of conviction on direct appeal. (*People v. Gavaldon* (Sept. 28, 2005, G034343) [nonpub. opn.].)

---

[1] Further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

In April 2021, Gavaldon filed a section 1170.95 petition. The prosecution filed a response, which included a copy of the information, the jury's verdict forms, the underlying unpublished opinion, and a copy of the jury instructions. The trial court denied the petition without a hearing. This court reversed because the Legislature had recently amended the relevant statute to include convictions for attempted murder. (*People v. Gavaldon* (Feb. 10, 2022, G060542) [nonpub. opn.].)

In August 2022, the trial court conducted a prima facie hearing on remand. The trial court denied Gavaldon's petition: "The jury in this case was never instructed on the natural and probable consequences theory of liability, so there was absolutely no way that Mr. Gavaldon was convicted on that theory.[2] [¶] So, based on that, the Court finds he is statutorily ineligible for resentencing under 1170.95. [¶] And, just as a note, in response to the supplemental brief by the petitioner, the Court is not relying on the statement of facts in the Court of Appeal's opinion; but the Record of Conviction is clear and issuing an Order to Show Cause to reach the same result would be an exercise in futility. So, therefore, the petition is denied."

II

DISCUSSION

When appointed counsel has identified no arguable issues on appeal, the appellate court independently reviews the record for any arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which . . . is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved

---

[2] It is well established that "the felony-murder rule is inapplicable to attempted murder as well as aiding and abetting an attempted murder." (*People v. Patterson* (1989) 209 Cal.App.3d 610, 614.)

3

favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

In this case, we have reviewed the record on appeal. Based on our independent analysis, we have found no arguable issues that require further briefing or argument. (See *Wende*, *supra*, 25 Cal.3d at p. 442, fn. 3.)

The first degree attempted murder conviction and the jury instructions are sufficient to conclude Gavaldon is ineligible for relief under section 1172.6 as a matter of law. Thus, the trial court did not commit an error by denying Gavaldon's petition at the prima facie stage. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-970.)

III

DISPOSITION

The order is affirmed.

MOORE, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

4